**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **SANTOS RAMIREZ, JR.,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **C.A. NO.  C-09-352** |
| | § | |
| **RICK THALER,** | § | |
| **Director, Texas Department of** | § | |
| **Criminal Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional

Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit

in Beeville, Texas.  The actions about which he complains occurred in Nueces County,

Texas.  Petitioner filed this petition pursuant to 28 U.S.C. §§ 2241 and 2254 on December

10, 2009 (D.E. 1).[1]  The underlying conviction which is the subject of the petition is a

2004 Nueces County conviction for burglary of a habitation with intent to commit sexual

assault and attempted sexual assault.  Petitioner argues that his constitutional rights were

violated in a number of ways during the plea proceedings.  On April 23, 2010 respondent

filed a motion for summary judgment to which petitioner responded and filed a cross-

motion for summary judgment on June 10, 2010 (D.E. 12, 15).   For the reasons stated

herein, it is respectfully recommended that respondent's motion be granted and

---

[1]See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998)(federal habeas petition is
considered filed on date it is placed in prison mail system).

petitioner's motion be denied, and that petitioner's application for habeas corpus relief be dismissed because it is time-barred and also because petitioner's claims are without merit.

## JURISDICTION

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and venue is proper in this court because petitioner was convicted by a court in Nueces County, which is located in the Corpus Christi Division of the Southern District of Texas.  28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

### A.  Factual Background

According to a police report, on December 1, 2000 Corpus Christi police responded to a call at an apartment complex where a crying, hysterical woman dressed only in a flannel shirt reported that she had been awakened by a man in her apartment who was covering her mouth with his hand.  She had been sleeping beside her three-year-old daughter.  The man grabbed her by her throat and dragged her out of bed to the living room area.  Once in the living room the man told her he would kill her if she did not cooperate.  He removed her underwear and positioned himself to sexually assault her. The woman managed to bite his left hand and then grab a barbell off the floor and hit him in the forehead with it.  She was able to free herself from him at that point and ran back

into the bedroom and escaped through the bedroom window.  Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 329.[2]

The woman ran downstairs yelling for help and then, realizing that she had left her daughter in the apartment, she ran back upstairs.  Witnesses reported that the woman was wearing only a bra.  Witnesses also saw a man wearing a blue jumpsuit running down the stairs from where the woman lived.  The man ran to a red pickup truck which he then drove from the apartment complex.  Id. at 330.

The woman identified the man as the petitioner herein.  She knew him because he worked with her husband.  Police obtained his address and arrested him.  At the time of his arrest petitioner had dried blood all over his face, a gash on his right eyebrow, and bite marks on his left hand.  Id.  The woman had carpet burns on both sides of her shoulders, visible bruising under both eyes, visible finger marks on her neck and was bleeding from her mouth.  Id. at 329-330.

**B.  Procedural Background**

On January 8, 2004 a hearing was held on a motion for continuance filed by the prosecution in petitioner's case.  The prosecutor told the court that she had anticipated dismissing the case because she could not locate the victim.  However, that morning she had spoken to the victim by telephone and was attempting to contact the Immigration and Naturalization Service ("INS") to secure a special visa for the victim to travel to the

---

[2]The state court records are located at D.E. 8.

United States to testify in the case.  The prosecutor needed a continuance so she would have additional time to arrange for the visa (Trans. of Mot. Hrg., Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 205).  The case was reset for the week of April 12, 2004 with a docket call on April 1, 2004 (Id. at 207).

On April 1, 2004 petitioner pleaded guilty to the charges.  The prosecutor advised the trial court that she had spoken to the victim and that it was going to cause her considerable hardship to travel to the hearing.  As a result, and because petitioner had done so well since the time of the assault, the victim was not opposed to the petitioner receiving a probated sentence in exchange for entering a guilty plea (Trans. of Docket Call and Plea Colloquy, Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 222-223).

On April 9, 2004 petitioner was convicted of burglary of a habitation with intent to commit sexual assault and attempted sexual assault in the 319th Judicial District Court of Nueces County, Texas.  Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 295-296.  Pursuant to the plea agreement, petitioner was punished with the assessment of a 10-year period of community supervision on each count and fined $1,500.  Id. at 296. Petitioner did not file a direct appeal at that time.

On August 31, 2004 a motion to revoke was filed in petitioner's case, alleging that he had violated several of the terms of his probation.  Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 147-149.  On September 24, 2001 petitioner was admonished and continued on probation.  Id. at 150-151.

4

On October 27, 2004 a second motion to revoke was filed in petitioner's case, again alleging that he had violated several terms of his probation.  Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 153-156.  The court revoked petitioner's probation on the charge of burglary with intent to commit sexual assault and sentenced him to confinement in TDCJ-CID for 60 years.  Id. at 165-168.  On November 16, 2004, petitioner, represented by counsel, filed a motion for a new punishment trial.  Id. at 227. A hearing was held in the matter and on December 17, 2004 the trial court overruled the motion for a new punishment trial.  Id. at 276.

Petitioner appealed the denial of the motion on the ground that the 60-year sentence was the result of prosecutorial vindictiveness.  On August 3, 2006 the 13th Court of Appeals affirmed the judgment of the trial court on the grounds that the issue had not been preserved for appeal.  Ramirez v. State, No. 13-04-655-CR (Tex.App.–Corpus Christi, Aug. 3, 2006); Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 282-285.  Petitioner did not file a petition for discretionary review, but states that he did not do so because he was not informed of his right to file the pleading *pro se* (D.E. 1, p. 3).

On February 23, 2009 petitioner filed an application for habeas corpus relief in state court.  Ex Parte Ramirez, WR-71,758-01 at 3-116.  The Texas Court of Criminal Appeals remanded the case for an evidentiary hearing or affidavits on April 22, 2009.  Ex Parte Ramirez, WR-71,758-01, Event Date 3/24/2009 at "Action Taken" page.  Following submission of affidavits, the Court of Criminal Appeals denied the petition without

5

written order on the findings of the trial court without a hearing.  Ex Parte Ramirez, WR-

71,758-01, Event Date: 6/19/2009 at "Action Taken" page.

Petitioner filed this application for habeas corpus relief on December 10, 2009,

making the following arguments:

(1) His trial counsel was ineffective for failing to

(a) discover that the prosecutor had not located or subpoenaed the victim prior to trial;

(b) disclose evidence that the prosecutor committed perjury when she told the trial court that she was seeking a visa for the victim so that she could return to the United States to testify against petitioner;

(c) investigate the fact that although the prosecutor told the trial court that she was trying to obtain a visa for the victim, the prosecutor did not actually know the whereabouts of the victim;

(2) The prosecutor engaged in misconduct and committed perjury;

(3) Petitioner's guilty plea was entered involuntarily, unintelligently and unknowingly;

(4) His judgment and sentence are null and void;

(5) A miscarriage of justice occurred in the state trial court and petitioner is actually innocent of the crime;

(6) Petitioner received ineffective assistance of counsel at the post-conviction level and seeks an out-of-time appeal.

The majority of petitioner's arguments are based on a factual allegation he makes

that the prosecutor never actually began proceedings to secure a visa for the victim to

travel to the United States to testify at trial.  Petitioner avers that the prosecutor mislead

the trial court and withheld the fact that she had not tried to secure a visa in order to induce the petitioner to plead guilty to the charges.

In his motion for summary judgment, respondent argues that petitioner's causes of action are time-barred and otherwise without merit.  Petitioner counters that his cause of action is timely or that in the alternative, he is entitled to equitable tolling of the statute of limitations.  Petitioner also argues that he is entitled to relief on the merits.

## **APPLICABLE LAW**

### A.  Statute of Limitations

Respondent argues that petitioner's application for habeas corpus was filed outside the one-year limitation period set by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  Regarding the deadline for filing an application for writ of habeas corpus, the statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant  was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

7

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.  Petitioner filed his current application for writ of habeas corpus after the effective date of the AEDPA and so is subject to its provisions.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997).

For the purpose of determining the AEDPA filing deadline, petitioner's conviction became final 30 days after judgment was entered, or on May 10, 2004.  Tex. R. App. Pro. 26.2(a)(1).  He had one year from that date, or until May 10, 2005, to file his petition.  He did not file it until December 10, 2009, more than five years too late.

Under the statute, the time during which a properly filed application for state court collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).  See also Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999) (petitioner entitled to equitable tolling from the time he filed his state habeas application until it was denied).  However, in this case petitioner did not file his state application until February 23, 2009, after the limitations period had expired.  Accordingly, the state habeas petition did not toll the federal deadline.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner argues that the one-year statute of limitations did not begin to run until the time ran out to file a PDR on his challenge to the 60-year sentence, which was assessed after he was adjudicated guilty and his probation was revoked on November 4, 2009.  However, petitioner's argument is foreclosed by the holding in Caldwell v. Dretke,

8

429 F.3d 521 (5th Cir. 2006).  There, the court held that an order of deferred adjudication probation is a final judgment within the meaning of 28 U.S.C. § 2244 and the one-year period for challenging substantive issues related to the order of deferred adjudication begins to run when the order deferring adjudication becomes final.  Id. at 530.  The court limited its holding to instances where a petitioner challenges substantive issues related to an original order of deferred adjudication probation or straight probation.  Id., n. 24.  In the instant case petitioner is asserting that he would not have entered his guilty plea were it not for ineffective assistance of counsel and misconduct on the part of the prosecutor. Accordingly he is challenging substantive issues related to his guilty plea and to the order of deferred adjudication and his cause of action is barred by the one-year statute of limitations.

Petitioner also argues that he could not have discovered the factual predicate of his claim until July 14, 2008, the date he learned from the Nueces County District Clerk's office that there were no documents in his case record to indicate that the prosecutor in his case had communicated with the INS regarding issuance of a visa to the victim, and, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations did not begin to run until that date.  He explains that his parents hired a legal assistant, Genoveva Casares, to assist him in a parole matter.  She wrote a letter to the Nueces County District Attorney's office asking for documentation related to the prosecutor in petitioner's case making arrangements to obtain a "substantial public interest" visa for the victim so that she could travel to the United States to testify (Letter dated June 23, 2008, Ex Parte Ramirez, WR-

9

71,758-01 at 181-183).  She received a reply, forwarded to petitioner on July 14, 2008, that no documents existed that complied with her request (Id. at 184).

Although petitioner argues that he did not learn the information until July 14, 2008, he does not explain why he could not, with the exercise of due diligence, have obtained the information earlier.  Petitioner asserts that under TEX. GOV'T CODE § 552.028(a)(1)(2) prisoners are not allowed to obtain public information from state governmental offices.  While that may be true, petitioner could have asked an outside party to make the request on his behalf.  The information petitioner obtained in July 2008 was obtainable immediately after he entered the plea bargain in 2004.  Accordingly, he has failed to show why he could not bring it in a timely fashion and his cause of action is time-barred.

Petitioner also argues that he is entitled to equitable tolling of the statute of limitations because the state mislead him regarding the efforts made to obtain a visa for the victim.  "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008)(quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)(per curiam)).  The AEDPA one-year limitations period is not jurisdictional and is subject to equitable tolling at the discretion of the district court.  Id. (citing United States v. Wynn, 292 F.3d 226, 229-230 (5th Cir. 2002)).

Equitable tolling is permissible only in "rare and exceptional" circumstances. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling applies principally

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  Excusable neglect does not support equitable tolling.  <u>Coleman</u>, 184 F.3d 398, 402 (5th Cir. 1999)(citations omitted).  A petitioner seeking to have the AEDPA limitations period tolled must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in the way of his timely filing his habeas petition.  <u>Lawrence v. Florida</u>, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).  A prisoner proceeding *pro se* is not a "rare and exceptional" circumstance because it is typical of those bringing § 2254 claims.  <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000).

Petitioner in this case argues that he was mislead by the prosecutor and prevented from asserting his rights until July 14, 2008 when he received the letter notifying him that there was no written documentation of the prosecutor's efforts to secure a visa for the victim.  However there is no evidence in the record to back up this assertion.  It is understood that petitioner believes that the prosecutor mislead him during the plea bargain process, but she did not do anything to keep him from requesting copies of documents in his file between the day he pleaded guilty in 2004 and the day he acquired the information in 2008.  He could have sought that information at any time.  Accordingly, petitioner has not shown that he is entitled to equitable tolling of the deadline in his case.

**B.  Merits**

**1.  Standard of Review**

Respondent argues that even if petitioner's habeas application were timely, he still would not be entitled to habeas corpus relief because he has failed to meet his burden of proof under AEDPA.  Under AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d) (West 1996).

Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Court on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  Williams v. Taylor, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d (2000).  Although "unreasonable" is difficult to define, the Supreme Court noted that it is an objective, rather than subjective, standard and emphasized that

12

there is a critical difference between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  Neal v. Puckett, 239 F.3d 683, 687 (5th Cir. 2001)(citing Williams, 120 S.Ct. at 1522-1523).  A federal court has no authority to grant habeas corpus relief simply because it concludes in its independent judgment that a state court's judgment is erroneous or incorrect.  Neal, 239 F.3d at 687. In determining whether a state court decision in a habeas case is reasonable, the focus is on the ultimate legal conclusion reached by the state court and not on whether the state court considered and discussed every angle of the evidence.  "[T]he only question for a federal habeas court is whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'"  Neal, 239 F.2d at 696 (citing Hennon v. Cooper, 109 F.3d 330, 334-335 (7th Cir. 1997)).

A state court's factual findings are presumed to be correct and a petitioner has the burden of rebutting the presumption with clear and convincing evidence.  Garcia v. Quarterman, 454 F.3d 441, 444 (5th Cir. 2006)(citations omitted).  This deference extends not only to express findings of fact, but to the implicit findings of the state court. Id.  In addition, if a decision by a state court is silent as to the reasons for the refusal, a federal habeas court can "look through" the decision and evaluate the last reasoned state court decision.  Bledsue v. Johnson, 188 F.3d 250, 256 (5th Cir. 1999).

In the instant case, the Texas Court of Criminal Appeals denied petitioner's claims based on the findings of the trial court.  Therefore, in order to prevail on his habeas application, petitioner must show that the findings of fact and conclusions of law of the

trial court resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States; or resulted in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the state court proceeding.

### 2.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must meet the

two-prong test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984).  He must show that counsel's performance fell below an objective

standard of reasonableness and that the deficient performance prejudiced the defense.

This requires showing that counsel's errors were so serious as to deprive the defendant of

a fair trial whose result is reliable.  Id., 466 U.S. at 687-88, 104 S.Ct. at 2064.  Petitioner

must show "significant prejudice" in a noncapital context.  Armstead v. Scott, 37 F.3d

202 (5th Cir. 1994)(citing Spriggs v. Collins, 993 F.2d 85, 88, n. 4 (5th Cir. 1993)).

Judicial scrutiny of counsel's performance must be highly deferential and a court

must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance.  Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  A

court must judge the reasonableness of counsel's challenged conduct on the facts of the

particular case, viewed as of the time of counsel's conduct.  A petitioner must identify the

acts or omissions of counsel that are alleged not to have been the result of reasonable

professional judgment.  The court must then determine whether, in light of all the

circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.  Id., 466 U.S. at 690, 104 S.Ct. at 2066.

When, as here, a prisoner challenges a guilty plea based on ineffective assistance of counsel, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."  Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).  In the plea context, a petitioner must show that "there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Id., 474 U.S. at 59, 106 S.Ct. at 370.  In addition, in a non-capital case, to establish prejudice a prisoner "must show that there is a reasonable probability that absent counsel's errors, the defendant's sentence would have been significantly less harsh."  United States v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994)(quoting Spriggs, 993 F.2d at 88).

The crux of petitioner's ineffective assistance claim is that the prosecutor lied when she said she intended to obtain a visa for the victim to travel to the United States and testify against petitioner and that if his counsel had investigated the matter, he would have learned of the prosecutor had made no effort to secure the presence of the victim. Petitioner bases his allegation on the prosecutor's representations to the court in January and April 2004 and the fact that when asked for documentation of the visa application in 2008, the district attorney's office could not produce no copies of the visa application.

At the hearing on the motion for continuance in January 2004, the prosecutor stated the following:

15

I had anticipated actually that we might be dismissing the case, but we have in fact made contact. I personally spoke with the victim in this case this morning at a phone in McAllen. I have since been attempting to contact the INS. I did reach them and got a phone call back from a Mr. Gus Meza, who is going to be assisting me in securing what is called a parole. It is a special visa that is permitted to allow people to come from Mexico when there's a substantial State interest. However, I am not going to be able to secure such a documentation and permission prior to Monday, so we're asking for a continuance.

(Trans. of Mot. Hrg., <u>Ex Parte Ramirez</u>, WR-71,758-01, Event Date: 3/24/2009 at 205).

In April when petitioner pleaded guilty, there was no mention by any of the parties about the attempt to obtain a visa for the victim. After the petitioner pleaded guilty and the court deferred adjudication and placed petitioner on probation, the prosecutor advised the court as follows:

. . . I spoke with the victim about this case, about various aspects of the case, and according to the fact that the defendant apparently has been doing quite well on his probation in the last three years, and that all of that was going to weigh in his favor. In addition, it was going to make a rather significant hardship on her to make the journey over here, and she agreed that - - with the State going ahead and making this offer.

(Trans. of Plea Colloquy, <u>Ex Parte Ramirez</u>, WR-71,758-01, Event Date: 3/24/2009 at 222-223).

In the affidavit petitioner's counsel submitted in the state habeas case, the attorney stated that prior to the plea the prosecutor informed him that she had located the victim but would still offer to recommend to the court that petitioner receive deferred adjudication and ten years probation in exchange for a guilty plea, but if she had to go through the process of bringing the victim to court, she would recommend that petitioner

serve time in TDCJ-CID (Aff. of John Gilmore, <u>Ex Parte Ramirez</u>, WR-71,758-01, Event Date: 3/24/2009 at 308-309.

Based on the evidence in the record, at the time petitioner entered his plea, the prosecutor was no longer representing to the court that she was trying to obtain a visa for the victim.  To the contrary, she stated in open court that the victim approved of the plea bargain because it would be difficult for her to attend the trial.  According to petitioner's attorney's affidavit, he, too, understood that the plea offer was made in exchange for the victim not having to appear in court.  There is no evidence that the prosecutor perjured herself or that there was any information regarding the circumstances of the plea that was not available to the defense attorney, or that he could have uncovered with further investigation.  Petitioner's claims to the contrary are without merit.  Accordingly, it is recommended that judgment be entered for respondent on his ineffective assistance of counsel claims.

### 3.  Prosecutorial Misconduct

Petitioner argues that the prosecutor committed perjury both at the January 2004 hearing and the April 2004 hearing when she told the court that she was trying to obtain a visa so that the victim could travel to the United States to testify against petitioner.  However, as discussed above, the prosecutor told the court in January that it was her intention to apply for the visa on behalf of the victim, but by April it was clear that she was no longer attempting to do so and would not attempt to do so if petitioner accepted the offered plea bargain.  The letter petitioner obtained from the district attorney's office

17

in 2008 that there was no documentation of contact with the INS office does not contradict the prosecutor's representations to the court.  She stated in January that she had spoken by telephone to someone who worked with the INS who had agreed to assist her. Intervening circumstances apparently caused the prosecutor to cease her attempts to obtain the visa.  There is nothing in the record to indicate that she committed perjury or mislead the court or the petitioner in any way.

Petitioner has failed to meet his burden to show that the state court's factual findings are not entitled to the presumption of correctness or that the state court decision was unreasonable.  The fact that the prosecutor's file had no documentation or notes regarding her attempt to obtain permission to bring the witness to the United States to testify does not lead to the conclusion that the prosecutor was lying.  The only conclusion which can be drawn from the absence of notes is that the prosecutor failed to take or keep any notes on the matter, which does not violate the law or the constitution.  It is recommended that judgment be entered for respondent on this issue.

### 4.  Voluntariness of Guilty Plea

Petitioner argues that he did not enter his guilty plea voluntarily because he believed the prosecutor was attempting to obtain the visa and that the victim would be present to testify against him.  The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the courses of action open to the defendant.  Matthew, 201 F.3d at 364 (citing Hill, 474 U.S. at 56, 106 S.Ct. at 369).  When a court assesses the validity of a guilty plea it looks to all of the relevant

18

circumstances surrounding it.  Matthew, 201 F.3d at 364-365 (citing Brady v.United States, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469 (1970)).

A defendant pleading guilty must be competent and must have notice of the nature of the charges against him.  The plea must be entered voluntarily and not be the product of actual or threatened physical harm or mental coercion overbearing the will of the defendant.  Nor can the plea be the result of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. Matthews, 201 F.3d at 365 (citing Henderson v. Morgan, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976); Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed.2d 859 (1941); Brady, 397 U.S. at 750, 90 S.Ct. 1463 and Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)).  In addition, the defendant must understand the consequences of his plea, including the nature of the constitutional protection he is waiving.  Matthew, 210 F.3d at 365 (citing Henderson, 426 U.S. at 645, n. 13, 96 S.Ct. 2253; Brady, 397 U.S. at 755, 90 S.Ct. 1263 and Machibroda, 368 U.S. at 493, 82 S.Ct. 510).  Finally, the defendant must have available the advice of competent counsel which acts as a safeguard to ensure that pleas are voluntarily and intelligently made.  Matthew, 210 F.3d at 365 (citing Tollett, 411 U.S. 258 at 268, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973);  Brady, 397 U.S. at 756 and McMann v. Richardson, 397 U.S. 759, 771 7 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

Petitioner argues that he entered his plea involuntarily because his attorney advised him to do so, based on the misrepresentations of the prosecutor.  As discussed above, the

evidence in the record does not support petitioner's allegations regarding the prosecutor.

Petitioner's counsel stated that he recommended that petitioner accept the terms of the

plea bargain because if he did not and the prosecutor were able to have the victim appear

and testify, the petitioner would face the possibility of incarceration (Aff. of John

Gilmore, Ex Parte Ramirez, WR-71,758-01, Event Date: 3/24/2009 at 308-309).

Petitioner has offered no evidence to show that the advice from his attorney was based on

a misunderstanding of the facts of the case or that his sentence of deferred adjudication

probation would have been less harsh had he rejected the plea bargain offer and

proceeded to trial.[3]  Accordingly, it is recommended that judgment be entered for

respondent on this issue.

### 5. Judgment and Sentence are Null and Void

Petitioner argues that his judgment and sentence are null and void because his due

process rights were violated when the prosecutor committed perjury and he pleaded guilty

based on her representations to the court.  As discussed above, his assertion has no factual

basis in the record.  Respondent is entitled to summary judgment on this issue.

---

[3]Petitioner in hindsight is speculating that the prosecutor would not have been able to secure the presence of the victim at the trial.  However it is equally possible that the victim would have appeared and testified at the trial.  Petitioner was accused of committing a first degree felony and a third degree felony.  If found guilty, the punishment range for petitioner was five to 99 years.  See TEX. PENAL CODE §§ 30.02, 22.021 and 13.32 (West 1999).

### 6.  Miscarriage of Justice/Actual Innocence

Petitioner contends that a miscarriage of justice occurred in his case based on the prosecutor's representations and also that he is actually innocent of the crimes charged. In Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1992), the United States Supreme Court reiterated the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution–not to correct errors of fact. Id., 506 U.S. at 400, 113 S.Ct. at 860.  The court does not analyze the petitioner's guilt or innocence, but only whether his constitutional rights have been preserved.  Id.  A claim of "actual innocence" comes into play when a petitioner otherwise subject to defenses of abusive or successive use of the writ seeks to have his federal constitutional claim considered on the merits.  Under those circumstances, he must show that a failure to hear the claims would result in a miscarriage of justice.  Sawyer v. Whitley, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992).  A showing of actual innocence can bring a petitioner within the narrow exception to the procedural bars.  Schlup v. Delo, 513 U.S. 298, 314-315, 115 S.Ct. 851, 861, 130 L.Ed.2d 808 (1995).  Actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.  Herrera, 506 U.S. at 404, 113 S.Ct. at 862.

Petitioner in this case is not asserting that he is actually innocent in order to persuade the court to hear a claim which otherwise would be procedurally barred.  Rather, he simply is arguing that he is innocent of the charges on which he was convicted.  Such a

claim is not cognizable in a habeas corpus proceeding.  Accordingly, summary judgment should be entered for respondent on this issue.

### 7.  Post-Conviction Ineffective Assistance of Counsel

Petitioner argues that his appellate counsel, Joseph Collina, was ineffective because he did not appeal the issues of ineffective assistance of counsel or prosecutorial misconduct or argue that his conviction was void.  Collina represented petitioner at a hearing on a motion for new trial held on December 17, 2004.  After the hearing, where the motion was denied, Collina appealed the denial to the 13th Court of Appeals on the grounds that his 60-year sentence was the result of prosecutorial vindictiveness.  The appellate court confirmed the decision of the trial court.  Ramirez v. State, No. 13-04-655-CR (Tex.App.–Corpus Christi, August 3, 2006).

The two-prong Strickland standard applies to claims of ineffective assistance of counsel on appeal.  A petitioner must first show that his counsel was objectively unreasonable for failing to present arguable issues on appeal, and then must show that but for the failure, he would have prevailed on appeal.  Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746, 764, 145 L.Ed. 2d 756 (2000).  When a petitioner argues that his counsel was deficient for failing to raise or properly brief certain arguments on appeal, he must show prejudice under the Strickland standard.  Sharp v. Puckett, 930 F.2d 450, 451-452 (5th Cir. 1991)(citing Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988)).

22

Petitioner in this case cannot show prejudice for two reasons.  First, Collina did not represent petitioner at trial or on the motions to revoke.  By the time Collina began to represent petitioner, the deadline for filing an appeal of the initial plea and deferred adjudication proceeding had passed.  See Tex. R. App. Pro. 26.2(a)(1).  Second, as discussed above, petitioner's contentions regarding the prosecutor's representation to the court and parties are not supported by the record.  Accordingly, petitioner cannot show that Collina's failure to raise the issues of ineffective assistance of counsel or prosecutorial misconduct or to argue that his conviction was void constituted ineffective assistance of counsel on appeal.  It is recommended that judgment be entered for respondent on this issue.

## C.  Petitioner's Cross Motion for Summary Judgment

Petitioner request the entry of summary judgment in his favor.  Based on the foregoing discussion, he has not shown he is entitled to judgment in his favor.  It is respectfully recommended that petitioner's cross motion for summary judgment (D.E. 16) be denied.

## D.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner

23

has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In petitioner's case, it is recommended that his claims be dismissed on procedural grounds and, in the alternative, on the merits. Reasonable jurists would not find it debatable

that petitioner's claims are barred by limitations, and jurists of reason would not debate denial of habeas relief to petitioner on the merits.  It is further recommended that any request for a COA be denied because he has not made the necessary showing for issuance of a COA on either ground.

## **RECOMMENDATION**

It is respectfully recommended that respondent's motion for summary judgment (D.E. 12) be granted, and petitioner's cross-motion for summary judgment (D.E. 16) be denied. Petitioner's application for habeas corpus relief should be dismissed as time-barred and also on the merits.  It is further recommended that a Certificate of Appealability be denied.

Respectfully submitted this 8th day of October, 2010.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 ( 5th Cir. 1996)(en banc).